# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI SANA KABISA YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>PFEIFFER, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00055-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Zuri Sana Kabisa Young ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 12, 2022, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff filed a certified prisoner trust account statement on January 13, 2022. (ECF No. 6.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]  Plaintiff has repeatedly been notified that he is subject to § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3]  *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff states that a laundry list of his constitutional and civil rights have been violated, including: "1st Amendment, conspiracy to harm, discrimination, mail destruction, press, 5th Amendment, due process, 8th Amendment, cruel and unusual punishment, mental anguish, 13th and 14th amends, (ECF No. 1, p. 2), as well as double jeopardy, mental anguish (BPS), and false imprisonment, (*id.* at 3).  Plaintiff further alleges in a conclusory fashion that on August 5, 2021, during Plaintiff's classification committee, Defendants Pfeiffer and Tallerico violated all of the listed federal civil rights.  Plaintiff generally alleges that CDCR, as well as KVSP, SVSP, and CCI-Tehachapi, "are all prisons in which 'great wall,' gang bang'n, security threat group (STG), sponsoring prison guards and counselors conspired to harm and murder me, by using other enemy/rival prisoners as their torpedo's (hitmen), transferring me to (STG) prisons-warzones, level IV's (180) design prisons [where] guards promote fights, riots, and violence."  (*Id.*)  Plaintiff continues, in the same conclusory fashion, to allege that as of July 27, 2021, Defendants at KVSP have subjected Plaintiff to medical deprivations by not providing him physical or psychological healthcare he requires for his battered prisoner syndrome (BPS) and bi-polar/schizoaffective disorders.  (*Id.*)  Plaintiff further alleges that he was not provided medical attention after his cell was contaminated by a mixture of bodily waste, that he was not provided treatment for an injured right wrist from

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Young v. State of Cal. Att'y Gen.*, Case No. 2:99-cv-01039-DFL-JFM (E.D. Cal.) (dismissed on October 7, 1999 for failure to state a claim); (2) *Young v. State of Cal.*, Case No. CV10-8466-UA(E) (C.D. Cal.) (dismissed on November 10, 2010 as frivolous, malicious, and for failure to state a claim); (3) *Young v. Voong*, Case No. 1:17-cv-01671-LJO-SAB (E.D. Cal.) (dismissed on March 7, 2018 for failure to state a claim).

[2] *See, e.g.*, *Young v. Williams*, Case No. 19-55513 (9th Cir. Oct. 25, 2019) (recognizing that plaintiff "has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted"); *Young v. Moore*, Case No. 3:19-cv-00270-MMA-KSC (S.D. Cal. Mar. 4, 2019) (same); (3) *Young v. Paramo*, Case No. 3:18-cv-2002-LAB-KSC (S.D. Cal. Sept. 18, 2018) (same); (4) *Young v. State of Cal.*, Case No. 1:20-cv-00539-DAD-JDP (E.D. Cal. April 20, 2020) (same); (5) *Young v. Godwin*, Case No. 1:20-cv-00540-DAD-JLT (E.D. Cal. April 16, 2020) (same).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

transport chains, and that Defendant Tallerico is retaliating against Plaintiff with a racist discriminatory attitude and unlawfully receiving and denying all of Plaintiff's grievances and attempting to cause Plaintiff more harm by recommending that Plaintiff be transferred back to CCI-Tehachapi after staff/inmates tried to murder Plaintiff on October 15, 2019.  Plaintiff alleges that Defendant Tallerico is also retaliating because Plaintiff tried to sue him in 2020.  (*Id.*)[4]

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The allegations in the complaint are purely conclusory, and many of them fail to link any of the named defendants to any particular alleged violation of Plaintiff's rights.  To the extent the allegations do reference a specific defendant, such as Defendant Tallerico, they often do not include any date for the alleged violation.  Finally, even when a date is referenced, none of the alleged violations of Plaintiff's rights appear to present an imminent danger of serious physical injury at the time the complaint was filed.

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

///

///

---

[4] The Court notes that the allegations at pages 5 through 12 of the complaint have not been considered, as these pages appear to be photocopies of a complaint submitted in a prior action that has since been dismissed.  *Compare* (ECF No. 1, pp. 5–12) *with Young v. Godwin*, Case No. 1:20-cv-00540-DAD-JLT, Complaint at Doc. 1.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2022**         /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

4